**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ROBERT ALAN WILSON,

   Petitioner - Appellant,

 v.

KEN CLARK, Warden,

   Respondent - Appellee.

No. 08-55758

D.C. No. 8:05-cv-00446-GPS-SGL

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Argued and Submitted February 1, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

 Robert Alan Wilson appeals the denial of his federal habeas petition

challenging his conviction for violating California Penal Code § 69, resisting an

executive officer. Wilson argues that there was insufficient evidence that Officer

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Ellison was performing a lawful duty, an element of § 69, to sustain a conviction. We reverse the district court and grant Wilson's petition for habeas relief.

The state court decision denying Wilson's sufficiency of the evidence claim was unreasonable under AEDPA. The state court's conclusion that Officer Ellison was performing a lawful duty merely because Officer Ellison did not use excessive force in detaining Wilson effectively reads the "lawful duty" element out of § 69 and is thus contrary to *Jackson v. Virginia*, 443 U.S. 307 (1979).[1] *See Goldyn v. Hayes*, 444 F.3d 1062, 1070 (9th Cir. 2006). The state court's decision would find an arbitrary, malicious, or even knowingly illegal action by the officer to be "lawful." Moreover, the decision relies on both the formal fallacy of denying the antecedent—concluding that because Officer Ellison's action was not unlawful due to the use of excessive force, the action must have been lawful—and on an illogical application of § 69 to the privilege to use force against an officer who is using excessive force, *see People v. Curtis*, 450 P.2d 33, 37 (Cal. 1969).

Having concluded that the state court decision was unreasonable, we assess the substance of Wilson's sufficiency claim without the deference that AEDPA

---

[1] This error is particularly problematic because the defendant's use of force is an element of § 69. *See* Cal. Penal Code § 69; *People v. Lacefield*, 68 Cal. Rptr. 3d 508, 513 (Ct. App. 2007). The state court's reasoning would find lawful *any* action by an officer, no matter how egregious, as long as the officer refrained from using excessive force.

otherwise requires. *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).[2]

Wilson is correct that *Kolender v. Lawson*, 461 U.S. 352, 361 (1983), precluded a finding that Wilson's detention was justified by California Penal Code § 647(e). Because federal courts are bound by the state court's construction of § 647(e), *see BMW of N. Am. v. Gore*, 517 U.S. 559, 577 (1996), the Supreme Court's conclusion that § 647(e) was unconstitutionally vague applied to the statute itself. *See also Kolender*, 461 U.S. at 356-61. We further agree with Wilson's contention that there was insufficient evidence to find that Wilson's detention was lawful under California Penal Code § 647(f). Section 647(f) requires that the individual be so intoxicated that he or she is impeding the use of a public right of way or is

---

[2] The dissent concludes that "the California Court of Appeal did not unreasonably apply precedent in holding that Ellison reasonably suspected that Wilson posed a danger to himself or others on account of public drunkenness." The California Court of Appeal made no such holding. Instead, it rested its decision solely on the excessive force analysis we describe above.

"unable to exercise care for his or her own safety or the safety of others."[3]  *See* Cal. Penal Code § 647(f).  The mere smell of alcohol, placement of a cup several feet from Wilson, and Wilson's vulgar refusal to speak with the police simply did not provide Officer Ellison with reasonable suspicion to detain Wilson for possibly violating § 647(f).  *Cf. Sundance v. Mun. Court*, 729 P.2d 80, 97 n.17 (Cal. 1986) (en banc) (noting the difficulty in proving that a defendant is intoxicated to this degree).

The district court decision is REVERSED and the petition for habeas corpus is GRANTED as to Wilson's conviction under § 69.

---

[3]  It is here in particular that the analysis by our colleague in dissent goes awry: there is no evidence suggesting a reasonable suspicion that Wilson, who was sitting down on the stairs and was neither slurring nor swaying, was dangerously intoxicated.  While Officer Ellison may have been disconcerted by Wilson's rudeness, Wilson was within his rights to vulgarly reject the officer's efforts to question him.  And although Officer Ellison may have preferred to talk to Wilson at the bottom of the stairs, absent reasonable suspicion that Wilson was committing a crime, Officer Ellison lacked authority to demand that Wilson move—without any evidence that Wilson was committing a crime, the dissent's allusion to officer safety is bootstrapping.  Finally, that the area where Officer Ellison encountered Wilson was one in which shopkeepers had complained of vandalism provides no evidence that Wilson in particular was committing a crime.

Wilson v. Clark, No. 08-55758

GRABER, Circuit Judge, dissenting:

The only issue before us is whether sufficient evidence supported Robert Alan Wilson's conviction for resisting an executive officer, including whether the officer was performing a lawful duty when he detained Wilson. Because sufficient evidence supported Wilson's conviction, I respectfully dissent.

The California Court of Appeal's statement of facts, which is not challenged for accuracy, set forth that Wilson was seated on the stairs of a commercial building, closed for the evening, in an area that had been vandalized and used by transients for urination and defecation. Detective Roy Ellison and his partner, both dressed in gang unit uniforms, asked Wilson about his well-being and asked whether he knew that he was in a closed commercial area. Wilson responded angrily by cursing at the officers. Ellison detected the smell of alcohol coming from Wilson and noticed an open container sitting next to him on the stair. Ellison, suspecting that Wilson might be too intoxicated for his own safety and that of others, asked Wilson for identification and then asked him to come down the stairs. Wilson again cursed angrily and continued to refuse in the same vulgar way when Ellison repeated his request. Fearing that Wilson's anger was escalating, Ellison became concerned for the officers' safety because Wilson was seated about 10 feet above them on the staircase. He climbed up next to Wilson, placed one hand on

his shoulder, and grasped Wilson's wrist with his other hand.  As Ellison attempted to stand Wilson up, Wilson strained against Ellison's move, and both men fell down the stairs.  At the base, Wilson regained his footing first and began flailing wildly about, landing a punch to Ellison's nose, sending blood in all directions.  Both men landed on the ground, and Ellison managed to gain the upper position, which allowed his partner to subdue Wilson by using pepper spray.

When reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979).  The unchallenged facts here gave rise to a reasonable suspicion that Wilson was committing the offense of public drunkenness as a danger to himself or others at the time that the detention began.  Thus, the California Court of Appeal did not unreasonably apply precedent in holding that Ellison reasonably suspected that Wilson posed a danger to himself or others on account of public drunkenness.